1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DYNEL E. ALAMEIDA,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

Case No. 1:19-cv-00620-JDP

ORDER ON SOCIAL SECURITY APPEAL

ORDER AFFIRMING THE DECISION
BELOW AND ORDERING THAT THE
CLERK'S OFFICE ENTER JUDGMENT IN
FAVOR OF RESPONDENT AND CLOSE
THIS CASE

Claimant has requested judicial review of the Social Security Administration's ("SSA")
denial of his application for disability insurance benefits.  On July 9, 2020, I heard argument from
the parties.  Because I conclude that the Administrative Law Judge's ("ALJ") opinion was
supported by substantial evidence and does not contain the errors asserted by plaintiff, I affirm
the decision below and order that the clerk's office (1) enter judgment in favor of respondent and
(2) close this case.

**DISCUSSION**

Claimant filed a disability application in July 2015 alleging a variety of impairments,
including knee problems, back problems, obesity, and depression.  In 2018, following a hearing,
the ALJ found that claimant retained the residual functional capacity to perform sedentary work.
AR 18.  Claimant now argues that the ALJ made five errors in assessing her case.  This court has
jurisdiction under 42 U.S.C. § 405(g), pursuant to which I ask whether substantial evidence

supports the ALJ's factual findings and whether the ALJ's decision conformed with applicable law.

Claimant's first two claims are the most serious and appear related: she argues that the ALJ underestimated the severity of her mental impairments—and other impairments, such as insomnia and fibromyalgia—resulting in a Residual Functional Capacity ("RFC") assessment that was not supported by the record. *See* ECF No. 13 at 4-10. Because the ALJ properly constructed the RFC based on his assessments of claimant's impairments, these challenges fail.[1]

A claimant's RFC is the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). More plainly, it is "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). In constructing an FRC, the agency must consider "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). But, as a finding reserved to agency, this court asks only whether the RFC determination was supported by substantial evidence.

In this case, it was. The ALJ determined that claimant retained the RFC "to perform sedentary work," with a number of limitations, including "performing simple, routine takes with only occasional public contact." AR 27. The ALJ's thorough discussion of the evidence producing the RFC finding, *see* AR 27-32, was "supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citation omitted). The ALJ's conclusion that the claimant suffered from moderate mental limitations is consistent with his conclusion that she could still perform simple work. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming a decision that found moderate mental limitations consistent with simple work, and noting that "an ALJ's assessment of a claimant

---

[1] I agree with respondent that claimant is not challenging the degree to which her impairments are limiting; instead, she us challenging the construction of the RFC. *See* ECF No. 17 at 19; *see also* ECF No. 13 at 4-10 (articulating claims). Claimant has thus waived arguments regarding her limitations at steps preceding the construction of the RFC. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief"). Nonetheless, I note that the ALJ's underlying discussion of plaintiff's mental limitations, *see*, *e.g.*, AR 24-26, was also supported by substantial evidence.

1   adequately captures restrictions related to concentration, persistence, or pace where the

2   assessment is consistent with restrictions identified in the medical testimony").

3       Alameida's varied objections do not change this result.  Claimant charges broadly that, in

4   constructing the RFC, the ALJ "rejected all medical opinions in favor of his own," ECF No. 13 at

5   6, and "substituted his own judgment for competent medical opinion and/or made his own

6   independent medical findings not supported by the record warranting remand."  ECF No. 13 at 8.

7   But the RFC is not a medical decision reserved to the medical professionals; it is an

8   administrative finding based on the evidence (medical and otherwise) that considers a claimant's

9   ability to "to meet the physical, mental, sensory, and other requirements of work."  20 C.F.R. §

10  404.1545(a)(1).  While "[a] limited ability to carry out certain mental activities . . . *may* reduce [a

11  claimant's] ability to do past work and other work," *id*. § 404.1545(c) (emphasis added), it also

12  may not reduce it, much less eliminate it.  And, while claimant may wish that the ALJ had arrived

13  at a different result, and may believe that a different RFC result was possible, we are obligated to

14  "uphold the ALJ's decision" even "where the evidence is susceptible to more than one rational

15  interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995); *cf. Bayliss v.*

16  *Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for

17  medical conditions or impairments that the ALJ found neither credible nor supported by the

18  record is unnecessary.").

19      Claimant's more specific challenges to the RFC reflect only that the record evidence may

20  be susceptible to more than one rational interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679

21  (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the

22  ALJ's conclusion that must be upheld.").  Plaintiff challenges, for example, the ALJ's

23  interpretation of the severity of her insomnia and fibromyalgia.  *See* ECF No. 13 at 8.  But while

24  plaintiff may wish that the ALJ's interpretation was different, that interpretation was still

25  supported by substantial evidence—such as the ALJ's observation's that plaintiff prescription for

26  insomnia appeared to control the issue, and that plaintiff had not sought specific treatment for

27  fibromyalgia.  *See* AR 23-24.

28      For the reasons above, claimant's first two arguments about the RFC fail.

3

Claimant's third argument is that the ALJ improperly discounted the opinion of Dr. Jeng. Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  The ALJ met that standard here, noting that "Dr. Jeng's opinions are not supported by the medical evidence, as stated above, showing mild arthritic changes in the knees, normal tone and motor strength in the lower extremities, independent ambulation while wearing braces on both knees, and treatment limited to prescription medication."  AR 30.  While the ALJ could have said more, these reasons were specific and legitimate.

Claimant's fourth claim is that the ALJ erred in discounting her subjective symptoms.  To properly discount such testimony, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).  The ALJ's detailed discussion met this standard.  *See* AR 28.  While Alameida correctly points out that an ALJ cannot reject symptom testimony *solely* because of the objective medical evidence, here, the ALJ used a combination of objective medical and other evidence—including inconsistencies between plaintiff's testimony and activities—that was proper. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *see also* AR 28 ("[T]he claimant engaged in activities inconsistent with her allegations of disabling mental and physical symptoms.").  This discussion meets the relevant standard, and claimant's arguments to the contrary again amount to the claim that the evidence was amenable to more than one different rational interpretation.

Claimant's final argument is that the ALJ improperly rejected the evidence from lay, third-party witnesses—specifically, claimant's sister and husband.  To disregard such testimony, the ALJ must give reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  Here, the ALJ did that:  "Mr. Sanders [the husband] and Ms. Alameida [the sister] lack program knowledge and are unfamiliar with the medical record as a whole, which

shows the claimant's symptoms are managed with prescribed medication, as discussed below."

AR 29.  These reasons are sufficiently germane.

**ORDER**

      For the reasons above, we affirm the decision below and order that the clerk's office enter judgment in favor of respondent and close this case.

IT IS SO ORDERED.

Dated:   September 18, 2020                                        
UNITED STATES MAGISTRATE JUDGE

No. 205.

5